**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 19-4641**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EJAZ SHAREEF,

Defendant - Appellant.

———————————

**No. 19-4683**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFID LATIF,

Defendant - Appellant.

———————————

**No. 19-4684**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IMTIAZ SHAREEF,

        Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:18-cr-00157-RJC-DCK-2; 3:18-cr-00157-RJC-DCK-1; 3:18-cr-00157-RJC-DCK-3)

---

Submitted: March 30, 2021                                 Decided: April 9, 2021

---

Before MOTZ, KING, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Arden, North Carolina; Leslie C. Rawls, Charlotte, North Carolina; Eugene E. Lester, III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellants. R. Andrew Murray, United States Attorney, William M. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafid Latif, Ejaz Shareef, and Imtiaz Shareef (collectively "Appellants") appeal their convictions for conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. §§ 1343, 1344, 1349, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Appellants contend that the insurance fraud scheme supporting the wire fraud object of the conspiracy concluded prior to the running of the statute of limitations and, even if the charge was timely, insufficient evidence supported the jury's verdict. Imtiaz Shareef further contends that prior acts evidence was inappropriately admitted against him. Finally, Appellants assert that their trial counsel were ineffective for failing to request a "reliance-on-expert" jury instruction. For the reasons that follow, we affirm.

We review de novo the denial of a motion for judgment of acquittal. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 855 (2019). When a defendant challenges the sufficiency of the evidence to support a jury verdict, we view the evidence in the light most favorable to the government and will sustain the verdict if it is supported by substantial evidence. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). "Substantial evidence is evidence sufficient for a reasonable jury to find proof beyond a reasonable doubt of each element of the charged offense." *Zelaya*, 908 F.3d at 925. A defendant challenging the sufficiency of the evidence "bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is unclear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

Appellants insist that the insurance fraud portion of the wire fraud conspiracy allegation was time-barred, asserting that the Government failed to bring the indictment within five years of the conduct underlying this charge. However, the jury specifically found that Appellants' scheme affected a financial institution, extending the applicable statute of limitations to 10 years. *See* 18 U.S.C. § 3293. We conclude that sufficient evidence supported the jury's finding on this issue. Therefore, we further conclude the Government timely indicted Appellants for this offense.

Appellants next contend that the Government failed to produce sufficient evidence to support the jury's guilty verdicts regarding the insurance scheme object for the conspiracy to commit wire and bank fraud. To prove conspiracy to commit wire fraud, the government must show that two or more person agreed to devise a scheme to defraud by means of a wire communication and each defendant "willfully joined the conspiracy with the intent to further its unlawful purpose." *United States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018). We have thoroughly reviewed the record and conclude that sufficient evidence supports the jury's guilty verdict.

Imtiaz Shareef next argues that the district court improperly admitted evidence of similar conduct surrounding a fraud scheme in connection with the purchase of and repairs to a property that was not the subject of the indictment. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v.*

4

*Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). Federal Rule of Evidence 404(b) "allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). Rule 404(b) provides a non-exhaustive list of such appropriate uses of propensity evidence, including motive, knowledge, intent, lack of accident, and plan. Fed. R. Evid. 404(b)(2).

"To be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than the general character of the defendant, (2) necessary to prove an essential claim or element of the charged offense, and (3) reliable." *Sterling*, 860 F.3d at 246. The disputed evidence showed an almost identical scheme to the insurance fraud at issue in this case, and was necessary to counter Appellants' arguments that they did not knowingly engage in fraud with respect to the insurance proceeds. Thus, the district court did not abuse its discretion in admitting the challenged evidence.

Appellants lastly argue that trial counsel rendered ineffective assistance for failing to request a "reliance-on-expert" jury instruction. Ineffective assistance of counsel claims are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Otherwise, a defendant should raise an ineffective assistance claim in a 28 U.S.C. § 2255 motion so as to permit sufficient development of the record. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003). To establish an ineffective assistance claim, Appellants must show that trial counsels' performances were constitutionally deficient and such deficiencies prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There is,

5

however, "a strong presumption that counsel[s'] conduct f[e]ll within the wide range of reasonable professional assistance." *Id.* at 689.

When a defendant requests a jury instruction, the instruction must "both [be] an accurate statement of the law and ha[ve] an evidentiary foundation." *United States v. Powell*, 680 F.3d 350, 356 (4th Cir. 2012), *superseded by regulation on other grounds*. Thus, an advice-of-counsel—or expert, in this case—instruction is only appropriate if the defendant can point to evidence that there was both "a full disclosure of all pertinent facts to an [expert], and [a] good faith reliance on the [expert's] advice." *Id.* Ineffective assistance of counsel does not conclusively appear on the record. We therefore decline to address this claim on direct appeal.

Accordingly, we affirm the district's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*